UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL C. BRIDGEMAN

    Plaintiff,

v.                                                                           CASE NO. 8:04-CV-1671-T-24MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

    Pursuant to 42 U.S.C. § 405(g), Plaintiff filed a complaint seeking review of an administrative decision denying him period of disability and disability insurance benefits. The ALJ found that Plaintiff had the residual functional capacity to perform a limited range of sedentary work such as a Proof Reader, a Security Monitor, or an Information Clerk and therefore, was not disabled (R. 189). Plaintiff argues the ALJ (1) erred by failing to adequately address his alleged two-hour per day standing limitation, (2) erred by relying on inaccurate vocational expert ("VE") testimony, (3) erred in his analysis of the Plaintiff's subjective pain complaints, and (4) failed to include pain complaints in the hypothetical question posed to the VE. The Defendant contends that the ALJ did not err and his opinion is supported by substantial evidence. After reviewing the record, I conclude that the ALJ's findings are supported by substantial evidence and dismiss Plaintiff's complaint.

*A. Background*

Plaintiff, who was 51 years old at the time of his final administrative hearing, alleges a disability onset date of March 11, 1992, due to a work related injury which produced obesity, cervical disc disease with radiculitis, bilateral hip pain with numbness, diabetes mellitus, hypertension, bilateral carpal tunnel syndrome, arthritis of the left knee, and chronic obstructive pulmonary disease (R. 180).  His relevant work experience includes work as an electrician, though he has not performed substantial gainful activity since his alleged disability (R. 180; 188).  The ALJ found that Plaintiff suffered from severe ailments that prevent him from performing his past work (R. 189).  Aided by a vocational expert, the ALJ concluded that Plaintiff retained the residual functional capacity for a limited range of light work such as a Proof Reader, Security Monitor, or an Information Clerk (R. 188-189).

*B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his prior work,

step five of the evaluation process requires the ALJ to decide if the claimant can do other work in the national economy in view of his age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    *C. Discussion*

        *1. Standing Limitation*

Plaintiff argues the ALJ erred by failing to adopt his alleged standing and walking restrictions and further erred by failing to include these restrictions in the hypothetical posed to the vocational expert. He asserts that Dr. Linder, the consulting doctor who testified at the administrative hearing, opined that Plaintiff would have difficulty standing for two hours of an eight-hour workday. Likewise, Plaintiff asserts Dr. Vereb, who examined him in May 1996,

indicated that Plaintiff was "unable to walk properly" due to severe arthritis. Dr. Vereb also noted in his report, however, that Plaintiff's ability to walk and stand was not affected by his disability. Though the Social Security Administration attempted to contact Dr. Vereb to clarify his opinions, Dr. Vereb did not respond.

The Commissioner responds that at the administrative hearing Dr. Linder noted that Plaintiff had relayed to Dr. Vereb in May 1996 that he could walk a quarter of a mile. Dr. Linder also noted that Dr. Crager, another examining doctor, found Plaintiff's ability to stand or walk "limited by his impairment" but did not place limits on Plaintiff's ability to perform work. As the Commissioner stated in her memorandum of law, it is the ALJ's duty to weigh the evidence, resolve any conflicts, and make findings of fact. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).

As the Commissioner deduced, inherent in the ALJ's conclusion that Plaintiff can perform sedentary work is the ALJ's finding that Plaintiff can stand/walk occasionally for up to two hours a day. *See* 20 C.F.R. § 404.1567(a). And as the ALJ noted, the Plaintiff received a 0% impairment rating from Worker's Compensation in December 1994. Further, at the administrative hearing, Dr. Linder testified that after reviewing the medical evidence he agreed with a May 2, 1996, evaluation of Plaintiff that stated his walking, standing, and sitting were not affected by his impairments (R. 241). Accordingly, I find the ALJ who personally appeared at and presided over the administrative hearing was in the optimal position to evaluate the record evidence, including Dr. Linder's testimony. Plaintiff's assertion that Dr. Linder insinuated that Plaintiff could travel to and from work but not do more is meritless. Substantial evidence supports the ALJ's finding that Plaintiff can perform a limited range of sedentary work.

*2. Vocational Expert Testimony*

Plaintiff contends the ALJ erred by relying on the VE's opinion that Plaintiff can perform the jobs of Proof Reader and Information Clerk.  Specifically, the Plaintiff argues that the Dictionary of Occupational Titles ("DOT") describes these jobs as light work and semi-skilled work respectively and that since he is only capable of sedentary work, he cannot perform them.  The Commissioner responds that the third job, Surveillance System Monitor, alone is sufficient since it is available in significant numbers in the national and local economies.

More important, however, is the fact that to the extent that the VE's description of certain jobs conflicts with the DOT, the VE's testimony "trumps" the DOT.  That publication is not the sole source of admissible information concerning jobs.  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  Hence, the VE's conclusion that the Plaintiff can perform the sedentary jobs of Proof Reader, Information Clerk, and Surveillance System Monitor is properly based on Plaintiff's limitations and the ALJ's reliance on the VE's conclusion is proper.

*3. Subjective Complaints*

The ALJ properly applied the Eleventh Circuit's pain standard.  This standard requires the ALJ to credit a claimant's subjective pain testimony if there is evidence of an underlying medical condition and (1) objective medical evidence to confirm the severity of the alleged pain or (2) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so.  *Foote v. Chater*, 67 F.3d 1553, 1561

(11th Cir. 1995). Further, the articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. *Hale v. Bowers*, 831 F.2d 1007, 1012 (11th Cir. 1987).

Although the ALJ did not refer to the Eleventh Circuit's pain standard as such, he applied the governing standards for evaluating subjective complaints and cited the applicable regulations. In doing so, the ALJ noted that Plaintiff had alleged difficulty standing for prolonged periods of time, but reported to his doctor he could walk a 1/4 mile. The ALJ also found Plaintiff's subjective complaints of musculoskeletal impairments inconsistent with the objective diagnosis. Further, Plaintiff experienced no objective manifestations of his diabetes and hypertension prior to December 31, 1997. The Plaintiff failed to offer any objective evidence documenting the severity of his chronic obstructive pulmonary disease and his obesity did not cause problems while he was working in a medium exertion occupation as an electrician. Moreover, the ALJ found the Plaintiff's carpal tunnel syndrome limited his ability to perform "repetitive and prolonged finger manipulation," but did not preclude all occupations.

I find the ALJ properly applied the Eleventh Circuit's pain standard, and his finding that Plaintiff's subjective complaints were inconsistent with Plaintiff's underlying medical conditions was correct.

*4. Vocational Assessment*

Lastly, the Plaintiff claims the ALJ erred by failing to include in the hypothetical question posed to the VE all the physical limitations imposed by Dr. Linder. According to the Plaintiff, the ALJ did not make any precise findings concerning his ability to stand and walk for two hours a day and the ALJ should have included this limitation in the hypothetical. However,

because the ALJ declined to accept much of Dr. Linder's opinions aside from what he included in his residual functional capacity findings, the Plaintiff's assertion is without merit.

The ALJ's hypothetical posed to the vocational expert must comprehensively describe the plaintiff's limitations.  *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985).  Importantly, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record.  *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).  Under *Wolfe*, the ALJ in the present case was not required to include the alleged pain and inability to walk and stand because the ALJ did not find these alleged limitations accurate.

*D. Conclusion*

For the reasons stated, it is hereby ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on August 4, 2005.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in this report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.

28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Cc:   Hon. Susan C. Bucklew
      Counsel of Record